UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Cathy Lynn Anderson, et al., | Case No. 2:25-cv-00386-CDS-NJK |
| Plaintiffs | **Order Remanding to State Court and Closing Case** |
| v. | |
| Victor Carlos Flores, et al., | |
| Defendants | |

    This negligence and breach of contract action arises out of an underlying motor vehicle accident that was removed from the Eighth Judicial District Court by defendant CSAA General Insurance Company under 28 U.S.C. §§ 1332 and 1441(b). On March 7, 2025, United States Magistrate Judge Nancy J. Koppe issued an order to show cause why this action should not be remanded for lack of subject matter jurisdiction. ECF No. 4. Judge Koppe noted that the basis for CSAA's removal of this action was unclear. The amount in controversy fell short of the statutorily required $75,000 and, CSAA's removal did not address the second named defendant, Victor Carlos Flores. *Id.* CSAA filed its response. ECF No. 5. As there is no valid basis for removal or for diversity jurisdiction, this matter must be remanded to state court.

I.      **Legal standard**

    "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017). However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. 28 U.S.C. § 1441. The general removal statute permits the defendant or the defendants in a state-court action over which the federal

courts would have original jurisdiction to remove that action to federal court. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019). But a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## II.   Discussion

In its petition, CSAA asserts that removal is proper because plaintiffs are residents of Clark County, Nevada and it is a California corporation. ECF No. 1 at 3. In the show-cause order, Judge Koppe set forth the legal standard for diversity of citizenship, and further explained that CSAA's removal petition "ignores that there is a second defendant named in the complaint." ECF No. 4. CSAA filed its response to the order to show cause acknowledging that it overlooked that jurisdictional defect when petitioning for removal, therefore CSAA does not oppose remand to state court. ECF No. 5 at 2. Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In short, I find that because defendant Flores is a non-diverse defendant, this court lacks subject matter jurisdiction over this case.

## III.   Conclusion

Based on the foregoing, it is hereby ordered that this action is remanded. The Clerk of Court is kindly directed to **REMAND** this matter, Case No. A-23-877657-B, to the Eighth Judicial District Court, Department 5, and to close this case.

It is further ordered that the magistrate judge's order to show cause **[ECF No. 4] is discharged**.

Dated: March 10, 2025

_____
Cristina D. Silva
United States District Judge